IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN DONNELL LEAKS, JR., :
    Plaintiff : No. 1:21-cv-00020
     :
    v. : (Judge Kane)
     :
PENNSYLVANIA DEPARTMENT :
OF CORRECTIONS, et al., :
    Defendants :

## MEMORANDUM

Presently before the Court are: (1) a motion to dismiss (Doc. No. 14) filed by Defendants Terry Davis ("Davis") and Jeff Troutman ("Troutman"); (2) a partial motion to dismiss (Doc. No. 25) filed by Defendant Mike Nelligan ("Nelligan"); (3) a motion to dismiss (Doc. No. 30) filed by Defendant Pennsylvania Department of Corrections ("DOC"); (4) a partial motion to dismiss (Doc. No. 41) filed by Defendant Master William Harden ("Harden");[1] and (5) a partial motion to dismiss (Doc. No. 45) filed by Defendant Paul DeSando ("DeSando"). For the following reasons, the Court will grant the motions to dismiss.

**I.    BACKGROUND**

Plaintiff, who is currently incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), initiated the above-captioned action on January 6, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants DOC, Troutman, Davis, DeSando, Nelligan, and Harden. (Doc. No. 1.) In an administrative Order dated January 6, 2021, the Court directed Plaintiff to either pay the full filing fee or submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 3.) Plaintiff did not do so.

---

[1] Defendant Harden indicates that his true name is Master William Harden and that Plaintiff incorrectly identified him as William Harden. (Doc. No. 41 at 1.) The Court will direct the Clerk of Court to amend the docket to reflect Defendant Harden's true name.

Accordingly, in an Order dated February 11, 2021, the Court dismissed the action without prejudice for Plaintiff's failure to comply with the administrative Order. (Doc. No. 4.) However, that same day, the Court received a motion for leave to proceed in forma pauperis from Plaintiff. (Doc. No. 5.) In an Order dated February 12, 2021, the Court granted Plaintiff leave to proceed in forma pauperis, vacated the February 11, 2021 dismissal Order, and directed service of the complaint upon Defendants. (Doc. No. 6.) Defendants Troutman and Davis filed waivers of service on March 10, 2021. (Doc. Nos. 9, 10.) In an Order dated March 17, 2021, the Court directed the Clerk of Court to issue summonses so that the United States Marshal could serve the complaint upon Defendants DOC, DeSando, Nelligan, and Harden. (Doc. No. 11.) The summonses to Defendants DOC and Nelligan were returned as executed on May 11, 2021. (Doc. Nos. 18, 19.)

The summonses issued to Defendants DeSando and Harden were returned as unexecuted on May 11, 2021. (Doc. No. 20.) In an Order entered that same day, the Court directed Plaintiff to show cause, within fourteen (14) days, why Defendants DeSando and Harden should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 23.) Plaintiff filed his response on May 24, 2021. (Doc. No. 22.) In an Order dated May 24, 2021, the Court granted Plaintiff an extension of the Rule 4(m) period with respect to Defendants DeSando and Harden and directed Defendants Troutman and Davis to provide, under seal, any information they had about the current whereabouts of Defendants DeSando and Harden. (Doc. No. 23.) Defendants Troutman and Davis provided that information on May 27, 2021. (Doc. No. 31.) In an Order dated June 2, 2021, the Court directed that summonses again be issued and that the United States Marshal serve Defendants DeSando and Harden at the addresses provided

under seal. (Doc. No. 32.) The summonses issued to both Defendants were returned as executed on June 15 and 21, 2021. (Doc. Nos. 37, 38.)

Plaintiff's complaint concerns alleged events that occurred while he was incarcerated at the Keystone Correctional Services ("KCS") community confinement center located in Harrisburg, Pennsylvania. (Doc. No. 1 at 2.) Plaintiff maintains that on January 2, 2019, around 10:30 p.m., Defendants DeSando, Nelligan, and Harden used excessive force against him. (Id. at 6.) He alleges that Defendant DeSando choked him and that Defendants DeSando and Nelligan screamed at him "in the face." (Id.) Plaintiff avers that "600 to 700 pounds plus of pressure was placed on [his] not fully recovered MCL/ACL and his back." (Id.) He suggests that the incident occurred because he returned "from a work pass late" and that he was suspected of smuggling K2 (synthetic marijuana) inside KCS. (Id. at 8.) Plaintiff maintains that he was strip searched during the incident as well. (Id. at 8-9.) He claims that he was transferred to the Dauphin County Prison and criminally charged as a result of the incident. (Id. at 6.) Public records indicate that on June 8, 2020, Plaintiff pled nolo contendere to simple assault, tampering with/fabricating physical evidence, possession of a controlled substance, and use/possession of drug paraphernalia. See Commonwealth v. Leaks, Docket No. CP-22-CR-0000571-2019 (Dauphin Cty. C.C.P.).[2] Based on the foregoing, Plaintiff asserts violations of his Eighth and Fourteenth Amendment rights, as well as state law claims for assault, battery, and "fraudulent reports." (Doc. No. 1 at 1.) He also suggests that his Fourth Amendment rights were violated by the strip search. (Id. at 9.) As relief, Plaintiff seeks $10 million in damages. (Id. at 1-2.)

---

[2] The Court may take judicial notice of this information, as it is publicly available on a governmental website. See Vanderklok v. United States, 868 F.3d 189, 205 (3d Cir. 2017).

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to

4

state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.     Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Complaint

#### 1. Defendant DOC

As noted supra, Plaintiff has named the DOC as a Defendant in the above-captioned action. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). "Because the Commonwealth of Pennsylvania's Department of Corrections is part of the executive department of the Commonwealth , . . . it shares in the Commonwealth's Eleventh Amendment immunity." Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). Plaintiff's claims for injunctive relief against the DOC are also barred by the Eleventh Amendment. See Beckett v. Pa. Dep't of Corr., 597 F. App'x 665, 667 (34d Cir. 205) (citing Will v. Mich Dep't of State Police, 491 U.S. 58, 71 (1989)). Moreover, the DOC does not qualify as a "person" amenable to suit pursuant to § 1983. See Pettaway v. SCI Albion, 487 F. App'x 766, 768 (3d Cir. 2012) (citing Will, 491 U.S. at 71). The Court, therefore, will grant Defendant DOC's motion to dismiss.

### 2. Claims Against Defendants Troutman, Davis, Nelligan, Harden, and DeSando

Defendants Troutman and Davis seek dismissal of Plaintiff's complaint because: (1) Plaintiff has failed to allege any facts establishing their personal involvement in the alleged constitutional violations; (2) Plaintiff's due process claim is barred by the favorable termination rule; (3) no private cause of action exists under Pennsylvania's statute criminalizing false reports to law enforcement; and (4) Plaintiff has failed to allege facts suggesting that they committed an assault or battery upon him. (Doc. No. 15 at 3.) Defendants Nelligan, Harden, and DeSando seek partial dismissal of Plaintiff's complaint because: (1) Plaintiff's due process claim is barred by the favorable termination rule; and (2) no private cause of action exists under Pennsylvania's statute criminalizing false reports to law enforcement. (Doc. Nos. 26 at 3; 42 at 3; 46 at 3.) The Court considers these arguments below.

#### a. Personal Involvement

For a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violates his rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). In his complaint, Plaintiff suggests that Defendants Troutman and Davis are liable because they are the director and president, respectively, of KCS and were "in charge on the day of the incident." (Doc. No. 1 at 2.) From this, it appears that Plaintiff seeks to proceed against Defendants Troutman and Davis based upon their respective supervisory positions.

Supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." See Iqbal, 556 U.S. at 676. The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to

§ 1983: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." See Merring v. City of Carbondale, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the instant case, Plaintiff's complaint fails to set forth plausible supervisory liability claims against Defendants Troutman and Davis. The complaint is devoid of allegations that Defendants Troutman and Davis had knowledge of and acquiesced in any alleged constitutional violations by their subordinates. See A.M., 372 F.3d at 586. Moreover, Plaintiff fails to identify a policy that allegedly caused the violation of his constitutional rights.[3] See McTernan v. City of

---

[3] Liability is only imposed "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of [an] employee." See Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting Polk Cty. v. Dodson, 454 U.S. 312, 326 (1981)). In the instant case, Plaintiff suggests that the failure to follow DOC and KCS policies led to the alleged violations of his constitutional rights, not that the policies themselves caused the alleged violations. (Doc. No. 1 at 1, 10-11.) Moreover, "[t]o the extent [Plaintiff] seeks relief for the violation of [these] policies, these regulations are not cognizable under 42 U.S.C. § 1983." See Johnson v. Dep't of Corr., No. 1:14-cv-896, 2016 WL 1135501, at *8 n.41 (M.D. Pa. Mar. 3, 2016), report and recommendation adopted, 2016 WL 1109471 (M.D. Pa. Mar. 22, 2016); see also Bullard v.

8

York, 564 F.3d 636, 658 (3d Cir. 2009). Thus, Plaintiff has failed to set forth plausible supervisory liability claims against Defendants Troutman and Davis, and his § 1983 claims against them are subject to dismissal for that reason alone.

### b. Fourteenth Amendment Due Process Claim

Throughout his complaint, Plaintiff suggests that his Fourteenth Amendment due process rights were violated by allegedly false statements made during the course of his criminal prosecution relating to the January 2, 2019 incident. (Doc. No. 1.) However, the Supreme Court has noted that a § 1983 claim for does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff demonstrates that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." See Williams v. Consovoy, 453 F.3d 173, 188 (3d Cir. 2006).

In the instant case, Plaintiff's due process claim calls into question the validity of the convictions arising from the January 2, 2019 incident. As noted supra, Plaintiff pled nolo contendere to simple assault, tampering with/fabricating physical evidence, possession of a controlled substance, and use/possession of drug paraphernalia. See Leaks, Docket No. CP-22-

---

Scism, 449 F. App'x 232, 235 (3d Cir. 2011) (noting that "even if the [BOP's] regulation were violated, its violation is not actionable").

CR-0000571-2019. Plaintiff's nolo contendere plea "under Pennsylvania law is treated the same as a conviction for purposes of Heck." See Massey v. Pfeifer, 804 F. App'x 113, 115 (3d Cir. 2020 (citing Curry v. Yachera, 835 F.3d 373, 378 (3d Cir. 2016)). Plaintiff's convictions have not been overturned or expunged. A finding that Plaintiff's due process rights were violated because of the presentation of allegedly false testimony would necessarily call into question his state court convictions. Accordingly, his claim is barred by the favorable termination rule set forth in Heck. See Simonton v. Ryland-Tanner, No. 4:19-cv-528, 2020 WL 1446727, at *1 n.7 (M.D. Pa. Mar. 25, 2020) (concluding the same regarding the plaintiff's claim of false testimony); Bucano v. Pennsylvania, No. 3:12-cv-1816, 2012 WL 6917785, at *5 (M.D. Pa. Dec. 27, 2012) (concluding same), report and recommendation adopted, 2013 WL 247003 (M.D. Pa. Jan. 22, 2013). Thus, the Court will grant Defendants Troutman, Davis, Nelligan, Harden, and DeSando's motions to dismiss with respect to Plaintiff's Fourteenth Amendment due process claim.

### c. False Reports Claim

Plaintiff indicates that he is asserting a claim for "fraudulent reports" under Pennsylvania state law. (Doc. No. 1 at 1.) Defendants have construed Plaintiff's complaint as asserting a claim pursuant to Pennsylvania's criminal statute regarding making false reports to law enforcement, 18 Pa. C.S.A. § 4906. (Doc. No. 15 at 7.) Pennsylvania courts "have on occasion recognized that tort liability may be imposed for Crimes Code violations," and that the "same conduct that constitutes a violation of a criminal statute may also form the basis for a separate civil claim." See D'Errico v. DeFazio, 763 A.2d 424, 430 (Pa. Super. Ct. 2000). Here, however, Plaintiff "do[es] not seek redress under general negligence or other well-established common law principles[;] instead, [he] seek[s] to impose civil liability based on the criminal statute[s]

10

[themselves]." See id. There is no indication that a private cause of action exists for alleged violations of § 4906. See Williams v. Temple Univ., No. 04-cv-831, 2011 WL 2516234, at *10 (E.D. Pa. June 21, 2011). The Court, therefore, will grant the motions to dismiss with respect to Plaintiff's "fraudulent reports" claim based upon violations of 18 Pa. C.S.A. § 4906.

### d.   Assault and Battery Claims

Plaintiff also suggests that Defendants Troutman and Davis are liable for assault and battery under Pennsylvania state law. (Doc. No. 1 at 1.) Under Pennsylvania law, an assault is "an intentional attempt by force to do an injury to the person of another and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." See Rosembert v. Borough of E. Lansdowne, 14 F. Supp. 3d 631, 644 (E.D. Pa. 2014). The Court agrees with Defendants, however, that Plaintiff's complaint fails to allege facts from which it could be inferred that Defendants Troutman and Davis committed an assault and battery upon Plaintiff. As discussed supra, Plaintiff has brought suit against Defendants Troutman and Davis merely because they were "in charge [of KCS] on the day of the incident." Such is insufficient to allege that Defendants committed assault and battery in violation of state law. The Court, therefore, will grant the motion to dismiss with respect to Plaintiff's assault and battery claims against Defendants Troutman and Davis.

### e.   Leave to Amend

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal

quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court concludes that it would be futile to grant Plaintiff leave to file an amended complaint with respect to: (1) his claims against Defendant DOC; (2) his claims against Defendants Troutman and Davis; (3) his Fourteenth Amendment due process claim; and (4) his false reports claim pursuant to 18 Pa. C.S.A. § 4906. The above-captioned action will, therefore, proceed as to Plaintiff's Fourth and Eighth Amendment claims, as well as his assault and battery claims, against Defendants Nelligan, DeSando, and Harden.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the motions to dismiss (Doc. Nos. 14, 25, 30, 41, 45) filed by Defendants Troutman, Davis, Nelligan, DeSando and the DOC. The above-captioned action will, therefore, proceed as to Plaintiff's Fourth and Eighth Amendment claims, as well as his assault and battery claims, against Defendants Nelligan, DeSando, and Harden. An appropriate Order follows.